**E-FILED on**   2/21/06

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MONTEREY REGIONAL WATER POLLUTION CONTROL AGENCY, a Joint Powers Agency,<br><br>    Plaintiff,<br><br>    v.<br><br>CH2M HILL, INC; CH2M HILL COMPANIES, LTD.; and DOES 1 through 20,<br><br>    Defendants. | No. C-05-04850 RMW<br><br>ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED WARRANTY<br><br>**[Re Docket Nos. 12, 15, 16]** |

    Defendants CH2M Hill, Inc. and CH2M Hill Companies, Ltd. move under Federal Rule of Civil Procedure 12(b)(6) to dismiss plaintiff Monterey Regional Water Pollution Control Agency's third cause of action, for breach of an implied warranty. For the reasons set forth below, the court grants defendants' motion.

## I. BACKGROUND

    The following facts are taken from the complaint, which the court generally must accept as true on a motion to dismiss: Plaintiff Monterey Regional Water Pollution Control Agency ("MRWPCA") hired CH2M Hill California Inc. for assistance in the construction of a wastewater

1  treatment plant. CH2M Hill California specified copper pipe for a part of the plant. The pipe
2  ruptured, causing damage to the plant and necessitating repairs and replacement of the copper pipe.
3      MRWPCA sued CH2M Hill, Inc. and CH2M Hill Companies, Ltd. (collectively "CH2M") as
4  CH2M Hill California's successors in interest to the contract with MRWPCA. The complaint
5  contained three causes of action: negligence, breach of contract, and breach of implied warranty.
6  CH2M moves to dismiss the claim for breach of implied warranty.

## II. ANALYSIS

8      The contract specifies that is is governed by California law, and neither party challenges the
9  application of California law. The dispute is whether, under California law, the plaintiff may
10 maintain a cause of action against the defendants for breach of an implied warranty for the
11 defendants' design work. "[T]he well settled rule in California is that where the primary objective of
12 a transaction is to obtain services, the doctrines of implied warranty and strict liability do not apply."
13 *Allied Props. v. John A. Blume & Assocs., Eng'rs*, 25 Cal. App. 3d 848, 855 (1972).

14     Plaintiff claims that "CH2M sold it a wastewater treatment plant." Opp'n at 2. However, this
15 claim is belied by the parties' contract, which is attached to the complaint as Exhibit A. Plaintiff
16 claims that its assertions that CH2M was involved in "building" and the "development" of the plant
17 are sufficient to prevent dismissal of its claim for breach of implied warranty because it has alleged
18 that CH2M sold it a plant. The court need not decide if, absent consideration of the contract,
19 plaintiff has sufficiently stated a cause of action for breach of implied warranty against CH2M.
20 While a court ordinarily must, on a motion to dismiss, accept the allegations of the complaint as
21 true, a court may properly consider a contract attached to a complaint and disregard allegations in
22 the complaint contradicted by the contract. *Spreewell v. Golden State Warriors*, 266 F.3d 979, 988
23 (9th Cir. 2001).

24     The parties' contract makes it clear that CH2M provided only services, not property, to
25 plaintiff. According to the contract, CH2M "is employed to render a professional service only."
26 Compl., Ex. A, § XII. Representative responsibilities contractually assigned to CH2M are document
27 review, assisting plaintiff in obtaining permits, designing the facility, writing operating manuals, and
28 analyzing bids. *Id*. § IV(B)-(D). The primary objective of the parties' contract is to obtain services,

thus the doctrine of implied warranty is inapplicable. *Allied Props.*, 25 Cal. App. 3d. at 855. Plaintiffs' cause of action for breach of implied warranty thus must be dismissed.

Plaintiff may attempt to amend its complaint to state a viable claim for breach of implied warranty. *See* Fed.R.Civ.P. 15(a). To do so, plaintiff must set forth facts that show CH2M was engaged in building or that additional contracts covered building by CH2M.

### III.  ORDER

For the foregoing reasons, plaintiff's cause of action for breach of implied warranty is dismissed.

DATED:      2/17/06                                /s/ Ronald M. Whyte
                                                    RONALD M. WHYTE
                                                    United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiffs:**

Thomas R. Hogan                    trh@hoganlaw.com
Mark Vincent Boennighausen         mvb@hoganlaw.com

**Counsel for Defendants:**

Christopher John Hersey            chersey@millermorton.com
Peter V. Dessau

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:**      2/21/06                    /s/ JH
                                  **Chambers of Judge Whyte**